**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DESMOND GODSON,**<br>*Plaintiff,*<br><br>**v.**<br><br>**CITY OF PHILADELPHIA, *et al.*,**<br>*Defendants.* | **CIVIL ACTION**<br><br>**NO. 24-6461** |

**<u>MEMORANDUM RE: PLAINTIFF'S MOTION FOR RECONSIDERATION</u>**

**BAYLSON, J.** **September 21, 2026**

## I. INTRODUCTION

Plaintiff Desmond Godson ("Plaintiff") brought this action against the City of Philadelphia, Jordan Harris, and Jerome Watson (collectively, "Defendants") alleging violations of his civil rights under 42 U.S.C. § 1983, § 1985, and Pennsylvania state law. ECF 21. On August 12, 2026, the Court dismissed Counts I–III and V–IX without prejudice and granted summary judgment as to Count IV. ECF 82 ("Order"). On August 22, 2026, Plaintiff filed a Motion for Reconsideration. ECF 83 ("Motion" or "Mot."). On September 3, 2026, Defendants filed their Response in Opposition. ECF 84 ("Opposition" or "Opp."). Plaintiff has not filed or requested a Reply. For the following reasons, the Motion is **DENIED**.

## II. STANDARD OF REVIEW

A court should grant a motion for reconsideration under Fed. R. Civ. P. 59(e) only in the presence of one of three grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." <u>In re Processed Egg Prods. Antitrust Litig.</u>, 962 F.3d 719, 729 (3d Cir. 2020) (citing <u>Wiest v. Lynch</u>, 710 F.3d 121, 128 (3d Cir. 2013)). "Courts should grant these motions only

sparingly and do so in consideration of the court system's interests in finality and conservation of scarce judicial resources." Gok v. Roman Catholic Church, 550 F. Supp. 3d 221, 230–231 (E.D. Pa. 2021) (quotations omitted). However, Rule 59(e) is inapplicable here because the Court's Memorandum and Order is an interlocutory decision. See Am. Guarantee & Liab. Ins. Co. v. Fojanini, 99 F. Supp. 2d 558, 560–61 (E.D. Pa. 2000) (Reed, Jr., J.) (citing Davidson v. United States, No. 95–1506, 1998 WL 314706, at *5–6 (E.D. Pa. June 15, 1998) (denial of partial motion for summary judgment is not a final judgment or order but an interlocutory decision)); Qazizadeh v. Pinnacle Health Sys., 214 F. Supp. 3d 292, 295–96 (M.D. Pa. 2016) (discussing legal standard for motions for reconsideration of interlocutory orders, including summary judgment orders); see also Coulston v. City of Phila., No. CV 23-4077, 2025 WL 2735347, at *2–3 (E.D. Pa. Sept. 25, 2025) (Baylson, J.). A district court may reconsider interlocutory orders "when it is 'consonant with justice to do so.'" Am. Guarantee, 99 F. Supp. 2d at 560–61 (citations omitted). Although the standard is more flexible, "[m]ere dissatisfaction with the Court's ruling . . . is not a proper basis for reconsideration." Smith v. Presidio Networked Sols., LLC, No. CV 22-736, 2024 WL 3433305, at *1 (E.D. Pa. July 16, 2024) (Slomsky, J.) (citation omitted). "In discussing the scope of a district court's discretion to reconsider an interlocutory decision, the Third Circuit Court of Appeals has explained that . . . 'as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would make a manifest injustice.'" Nyamekye v. Mitsubishi Elec. Power Prods., Inc., No. CV 17-852, 2018 WL 3933504, at *3 (W.D. Pa. Aug. 16, 2018) (quoting In re Pharmacy Benefit Managers, 582 F.3d 432, 439 (3d Cir. 2009).

## III. PARTIES' CONTENTIONS

### A. Plaintiff's Motion for Reconsideration

Plaintiff moves under Fed. R. Civ. P. 59(e) and 60(b)[1] and argues that reconsideration is warranted (1) because of newly discovered evidence, (2) because the Court overlooked material facts contained in Plaintiff's deposition testimony and misapplied the law, and (3) to avoid manifest injustice. Mot. at 2.

Plaintiff submits the following three exhibits with his Motion: (1) an excerpt of Plaintiff's November 14, 2025 deposition testimony; (2) an Affidavit of Rania Major, Plaintiff's original attorney, dated August 22, 2026 ("Aff."); and (3) handwritten correspondence from Plaintiff to Ms. Major dated April 8, 2024. The Affidavit and the handwritten correspondence were not previously submitted by Plaintiff.

Plaintiff argues that his deposition testimony—which was already before the Court when it entered its Order—establishes that Plaintiff attempted to exhaust his administrative remedies following the July 21, 2022 assault. Mot. at 3. According to Plaintiff, the affidavit of Ms. Major "shows that Mr. Godson actually did formally complete the grievance process" and purports to explain why no copies of the grievance[2] were produced in this litigation. Mot. at 3. Ms. Major affirms that Plaintiff mailed her "the original of the prison grievance pertaining to the event," which she received. Aff. ¶ 4. Although it was her customary practice, Ms. Major was unable to scan the grievance because of issues with her scanner. Id. ¶ 5. In September 2025, Ms. Major transferred the case to Mr. Steven Feinstein. Id. ¶ 8. Sometime in late September or early

[1] Because the Court's August 12, 2026 Order is an interlocutory decision, the Court analyzes Plaintiff's Motion under Fed. R. Civ. P. 54(b). See Qazizadeh, 214 F. Supp. 3d at 295.

[2] Although Plaintiff testified that he filed two grievances relating to the incident, one relating to the conduct of the Correctional Officers and a second relating to his unmet medical needs, see Order at 5–6, Ms. Major's Affidavit only mentions a singular grievance. Nevertheless, the Motion treats the Affidavit as establishing that Ms. Major had possession of both grievances. See, e.g., Mot. at 4 (citing the Affidavit and explaining that Ms. Major "saw the grievances, had them in her possession, and gave them to Mr. Feinstein").

October 2025, Mr. Feinstein retrieved the original grievance form from Ms. Major. Id. ¶ 9. Mr. Feinstein died in March 2026.[3] Id. ¶ 10.

Finally, Plaintiff argues that the April 8, 2024 correspondence shows that Plaintiff told Ms. Major that he "sent copies of the Grievances" which "memorializes the fact that he gave her the grievance forms for this incident." Mot. at 4; ECF 83-3.

**B. Defendants' Opposition**

Defendants argue that Plaintiff impermissibly seeks another bite at the apple. All of Plaintiff's ostensibly "new" evidence predates summary judgment briefing, yet Plaintiff offers no explanation for why it was not available to him. Opp. at 3. Plaintiff merely reargues whether he failed to exhaust his administrative remedies, which is not good cause to revisit the Court's prior decision. Opp. at 3–4. Defendants also argue that Plaintiff's Motion—even setting aside its procedural defects—fails to establish a triable issue of fact on whether Plaintiff exhausted his administrative remedies. Opp. at 4–5.

## IV. DISCUSSION

Plaintiff has not established "good cause" for why the Court should revisit its prior decision. Qazizadeh, 214 F. Supp. 3d at 295. Here, Plaintiff's Motion is simply a disagreement with this Court's Memorandum and Order. Plaintiff reiterates that his deposition testimony establishes that he attempted to exhaust administrative remedies and that prison officials impeded those efforts. Mot. at 3–6. But the Court already considered Plaintiff's self-serving deposition testimony and determined it did not show that the administrative remedies were unavailable. Order at 6–8; See Qazizadeh, 214 F. Supp. 3d at 295 ("[A] motion for reconsideration is not to be used

[3] The Affidavit and Motion do not state whether Plaintiff or his current counsel ever contacted Mr. Feinstein or his office for a copy of the grievance.

as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant.") (quotations omitted).

Next, Plaintiff points to two documents—not previously before the Court—that purportedly demonstrate that Plaintiff formally completed the grievance process: an Affidavit from his original attorney, Ms. Rania Major, and a letter from Plaintiff to Ms. Major, dated April 8, 2024. Ms. Major's Affidavit states that she at one time possessed Plaintiff's original grievance form, but transferred it to Mr. Steven Feinstein sometime in late September or early October 2025 when he assumed representation of Plaintiff. Aff. ¶¶ 4, 8–9. Plaintiff's April 8, 2024 letter to Ms. Major states, in relevant part, that "I sent copies of the Grievances[.]" ECF 83-3. But both pieces of evidence pre-date summary judgment briefing, and Plaintiff does not explain why they were unavailable to him prior to the Court's August 12, 2026 Order. See Niblett v. eXp Realty, LLC, No. 1:21-CV-01345, 2026 WL 800961, at *3 (M.D. Pa. Mar. 23, 2026) ("[G]ood cause is not shown by . . . presenting new arguments or evidence that could have been raised before the court entered the decision at issue.").

Even crediting the substance of Plaintiff's submissions, it is unclear how they create a "substantial factual dispute" as to whether Plaintiff properly exhausted his administrative remedies as required by the PLRA. Mot. at 7. Ms. Major's Affidavit establishes that she received Plaintiff's "original grievance form" and transferred it to Mr. Feinstein who never produced it in litigation. Aff. ¶ 9. While the reason for Mr. Feinstein's failure to produce the grievance is unclear, Ms. Major's affidavit, standing alone, does not demonstrate that Plaintiff properly grieved the events giving rise to this lawsuit. Similarly, Plaintiff's April 8, 2024 letter to Ms. Major merely states that he "sent copies of the Grievances" which appears to corroborate Ms. Major's affirmation that "Mr. Godson did mail me the original of the prison grievance." ECF 83-3; Aff. ¶ 4. But whether

Plaintiff mailed a copy of the unproduced grievance(s) to Attorney Major says nothing about whether Plaintiff properly exhausted his administrative remedies.

## V. CONCLUSION

Exhaustion of remedies is a statutory requirement. This Court does not have jurisdiction in the absence of exhaustion. Plaintiff may have to proceed *pro se* as Mr. Feinstein is deceased, unless Ms. Major resumes representation.

For the foregoing reasons, Plaintiff's Motion for Reconsideration is **DENIED.** An appropriate **ORDER** follows.

\\adu.dcn\paed\PHL-DATA\Judge_Baylson\CIVIL 24\24-6461 Godson v City of Phila\24-6461 Memo re Motion for Reconsideration.docx